IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLAUDE FEASTER, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-509-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Claude Feaster, TDCJ-ID #1356021, is a state prisoner presently in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. PROCEDURAL HISTORY

Feaster is serving two concurrent eight-year sentences for his 2006 state convictions for assault on a public servant and attempted escape in cause no. CR18115 in the 35th Judicial District Court of Brown County, Texas. (State Habeas R. at 15) In this petition, filed on August 26, 2007, Feaster seeks time credit for his pretrial detention in jail and the Vernon State Hospital pending trial from April 23, 2005, through February 21, 2006. (Petition at 7) Feaster sought administrative and state habeas relief to no avail. *See* http://www.cca.courts.state.tx. Quarterman has filed an answer, supported by a brief and documentary exhibits, to which Feaster filed a reply.

## D. RULE 5 STATEMENT

Quarterman believes Feaster has sufficiently exhausted his state remedies on the issue as required by 28 U.S.C. § 2254(b)(1).

## E. DISCUSSION

Feaster seeks credit for the time he spent in pretrial detention in jail and the Vernon State Hospital as awarded by the state trial court and reflected in the court's judgment of conviction. (State habeas at 15) However, there is no absolute federal constitutional right to credit for time served prior to sentencing.[1] *See Bayless v. Estelle*, 583 F.2d 730, 732 (5th Cir. 1978); *Gremillion v. Henderson*, 425 F.2d 1293, 1293-94 (5th Cir. 1970). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also

---

[1]There is an exception if the denial of credit for presentence confinement effectively extends the total time served beyond the maximum prescribed sentence for the crime when the confinement is the result of an inmate's failure to make bail due to indigence; however, Feaster's eight-year sentences plus the time for which he now claims credit is less than the maximum prescribed sentences for his offenses. *See Parker v. Estelle*, 498 F.2d 625, 627 (5th Cir. 1974); *Ex parte Harris*, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997). *See generally* TEX. PENAL CODE ANN. §§ 15.01, 22.01(b)(1) & 38.06 (Vernon 2003 & Supp. 2007).

presented.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  When a federal court considers whether habeas corpus is warranted, the decision is limited to whether a conviction violated the Constitution, laws, or treaties of the United States.  28 U.S.C. §2254; *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Feaster's claim is not cognizable in federal habeas corpus review because he does not allege an attendant federal constitutional claim.  *See Campos v. Johnson*, 958 F. Supp. 1180, 1188-89 (W.D. Tex. 1997).

## II.  RECOMMENDATION

Because Feaster has failed to make a substantial showing of the denial of a federal constitutional right, the petition for writ of habeas corpus should be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 17, 2008.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 17, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 27, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE